FILED
2020 SEP 25 AM 8:47
CLERK
U.S. DISTRICT COURT

JOHN W. HUBER, United States Attorney (#7226)
ANGELA M. REDDISH-DAY, Assistant United States Attorney (#15910)
Attorneys for the United States of America
20 North Main Street, Suite 208
St. George, Utah 84770
Telephone: (435) 634-4265

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. 4:19-cr-00141-DN |
|---|---|
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT |
| v. | |
| ANTOINE DWAYNE FRAZIER, | Judge Paul Kohler |
| Defendant. | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States, I intend to plead guilty to Counts I, II, and III of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me.

The elements of Count I, Possession of Fentanyl with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), are:

a) Defendant knowingly and intentionally possessed 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; and

b) Defendant possessed the fentanyl with the intent to distribute it.

The elements of Count II, Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), are:

a) Defendant knowingly and intentionally possessed 500 grams or more of a mixture or substance containing a detectable amount of cocaine; and

b) Defendant possessed the cocaine with the intent to distribute it.

The elements of Count III, Possession of a Firearm in Furtherance of a Drug-Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A), are:

a) Defendant committed the drug-trafficking crime of Possession of Cocaine with Intent to Distribute as charged in Count II of the Indictment; and

b) Defendant knowingly and intentionally possessed a firearm in furtherance of this crime.

2. I know that the maximum possible penalty provided by law for Count I of the Indictment, a violation of 21 U.S.C. § 841(a)(1), is a term of imprisonment of up to life, a minimum mandatory term of imprisonment of 10 years, a fine of $10,000,000, a term of supervised release of not less than 5 years, and any applicable forfeiture. The maximum possible penalty provided by law for Count II of the Indictment, a violation of 21 U.S.C. § 841(a)(1), is a term of imprisonment of up to 40 years, a minimum mandatory term of imprisonment of 5 years, a fine of $5,000,000, a term of supervised release of not less than 4 years, and any applicable forfeiture. I also know that the maximum possible penalty provided by law for Count III of the Indictment, a violation of 18 U.S.C. § 924(c), is a term of imprisonment of not less than 5 years, which shall run consecutively with any other term of imprisonment imposed for the drug trafficking crime during which the firearm was possessed, a fine of $250,000, a term of supervised release of up to 3 years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3)

a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victim(s) of my offense may be ordered pursuant to 18 U.S.C. § 3663 or 3663A.

b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I

have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

    a. I have a right to the assistance of counsel at every stage of the proceeding.

    b. I have a right to see and observe the witnesses who testify against me.

    c. My attorney can cross-examine all witnesses who testify against me.

    d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

    e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

    f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

    g. The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

    h. It requires a unanimous verdict of a jury to convict me.

    i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

> On or about November 12, 2019, in the Central Division of the District of Utah, I knowingly and intentionally possessed 400 grams or more of a mixture or substance containing a detectable amount of fentanyl with the intent to distribute it. A Utah Bureau of Forensic Services Scientist determined that the tablets containing fentanyl that I possessed with intent to distribute on this date weighed approximately 546 grams.
>
> I also knowingly and intentionally possessed 500 grams or more of a mixture or substance containing a detectable amount of cocaine with the intent to distribute it. A Utah Bureau of Forensic Services Scientist determined that the cocaine I possessed with intent to distribute on this date weighed approximately two (2) kilograms. I do not dispute that determination.
>
> In furtherance of the drug-trafficking crime of Possession of Cocaine with Intent to Distribute, as charged in Count II of the Indictment, I possessed a firearm- that is, a North American Arms .22 LR handgun.
>
> My conduct on November 19, 2019, constitutes violations of 21 U.S.C. § 841(a)(1), and a violation of 18 U.S.C. §924(c).

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

    a. **Guilty Plea.** I will plead guilty to Counts I, II, and III of the Indictment.

    b. **Conditional Guilty Plea.** Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, I will enter a conditional plea of guilty to Counts I, II, and III of the Indictment, thereby preserving the right to appeal the Court's denial of my Motion to Suppress, Docket No. 13, as set forth in the Court's Order dated June 13, 2020, Docket No. 32.

    c. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

4

d. **Acceptance of Responsibility.** The government agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offense, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines. In addition, the government agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline § 3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

e. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\*       \*       \*       \*

I make the following representations to the Court:

1. I am _43_ years of age. My education consists of _1 year college_ I _can_ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

5

4. Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 24 day of Sept, 2020.

_____
ANTOINE DWAYNE FRAZIER
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 24 day of Sept, 2020.

_____
G. FRED METOS
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 24th day of Sept, 2020.

JOHN W. HUBER
United States Attorney

ANGELA M. REDDISH-DAY
Assistant United States Attorney